COLEMAN ET AL. *v.* THE LABOUNTY AMUSEMENT CO.

*Partnership—Test to determine relationship—Amusement company receiving half of gross receipts as pavilion rental— Not liable as partner of lessee for employment of orchestra.*

1. The true test of partnership is whether alleged partners are carrying on joint business under such circumstances that they sustain relation of being each principal and agent in the business.

2. Amusement company, which received half of gross receipts of dance pavilion for rental, the business being wholly within control of lessee, *held* not liable as a partner of lessee, for employment ·of orchestra.

(Decided June 8, 1925.)

ERROR: Court of Appeals for Lucas county.

*Mr. John Kerins,* for plaintiffs in error.
*Mr. Chester A. Meck,* for defendant in error.

WILLIAMS, J.   This cause was tried in the court of common pleas upon the issues joined between the second amended petition of the plaintiffs and the answer of the defendant the La Bounty Summer Resort Company, also referred to in the record as the La Bounty Amusement Company.   Upon the trial, the court found the issues in favor of the defendant the La Bounty Summer Resort Company, and rendered judgment accordingly.   Thereupon the plaintiffs below filed their petition in error herein seeking a reversal of the judgment.

The cause was submitted upon an agreed statement of facts and two contracts, referred to as

Exhibits 1 and 2, which constituted all the evidence in the case.

The agreed statement of facts is as follows:

"It is stipulated and agreed by and between the parties hereto that the defendant the La Bounty Summer Resort Company, known in the pleadings as the La Bounty Amusement Company, does not affirm or deny that there is due the plaintiffs from the defendant Bertha Stoiber the amount claimed in plaintiffs' petition, as it has no knowledge on the subject whatsoever, but denies there is anything due the plaintiffs from the defendant the La Bounty Summer Resort Company. But it admits that, if the plaintiffs were called to testify, they would testify, in substance, that there was due to them the sum of $726.50 under the terms of the contract Exhibit 1, which amount is unpaid, and that they have fully complied with the terms of said contract.

"It is further stipulated and agreed that the defendant the La Bounty Summer Resort Company furnished at its own and sole expense a ticket seller who sold tickets at the dance hall at the La Bounty Summer Resort Company, and gave half of the gross amount of money received from the sale of tickets to the La Bounty Summer Resort Company and the other half it turned over to the defendant Bertha Stoiber; and, out of the half so turned over to the defendant Bertha Stoiber, Bertha Stoiber paid all of the operating expenses of the dance hall at the La Bounty Summer Resort Company except the expense of the ticket seller as set forth above.

"It is admitted by the plaintiffs that the La

Bounty Summer Resort Company had nothing to do with the hiring of Coleman's Orchestra, for which the bill is here rendered by the plaintiffs in the amount claimed due in plaintiffs' petition; that whatever agreements were made by the plaintiffs they made with the defendant Bertha Stoiber, under their agreement with Bertha Stoiber, Exhibit 1, and Bertha Stoiber made the contract Exhibit 1 with Coleman's Orchestra in compliance with her obligation in the contract between herself and the La Bounty Summer Resort Company, as shown by Exhibit 2.

"It is further stipulated and agreed between plaintiffs and the defendant the La Bounty Summer Resort Company that the legal relations existing between Bertha Stoiber and the La Bounty Summer Resort Company, in so far as they affect the plaintiffs, are shown by Exhibits 1 and 2 and the legal construction put upon those exhibits.

"It is further stipulated that, before Bertha Stoiber had hired any one to play at the dance hall at the La Bounty Summer Resort Company, Claude La Bounty, president of the La Bounty Summer Resort Company, told plaintiffs that the La Bounty Summer Resort Company had nothing to do with hiring any one to play for dances at the La Bounty Summer Resort Company, and that the plaintiffs, who at that time conducted an orchestra, would have to look to Bertha Stoiber in making a contract for the furnishing of music for the dances."

Exhibit No. 1 is as follows:

"La Bounty Dance Hall Contract, Summer 1922.

"May 10, 1922.

"In consideration of the sum of three hundred dollars ($300.00) per week, to be paid on or before the Saturday of each week, Hunter-Coleman do hereby agree to furnish an orchestra consisting of five (5) men (piano, violin, saxaphone, banjo, and drums) to play for Mr. and Mrs. J. E. Stoiber at the hall known as La Bounty's Dance Hall, Lakeside, Michigan.

"The week shall consist of eight sessions, namely seven (7) nights and one (1) matinee. (No session to exceed three [3] hours.)

"It is further agreed between both parties that:

"(a) Overtime shall be paid for at the rate of one dollar and a half ($1.50) per man per hour, one dollar ($1.00) per man, per half hour.

"(b) Extra men for any session, shall be engaged by Hunter-Coleman at the rate of nine dollars ($9.00) per man, per session (overtime, regular scale).

"(c) In these three hour sessions, thirty (30) dances shall be played (10 dances per hour). Dance to consist of four (4) minutes playing and two (2) minutes intermission. In case more dances are required by Mr. and Mrs. J. E. Stoiber and that it becomes necessary for the orchestra to play continuous music in order to get such dances in, Hunter-Coleman shall receive a bonus of five dollars ($5.00) per hour; i. e. one dollar ($1.00) per man, per hour, for every hour handled in that manner.

"(d) Transportation to and from Lakeside shall be furnished by Mr. and Mrs. Stoiber.

"(e) This contract covers a period starting Sunday, May 28, 1922, and ending September 4, 1922. Any dances given before or after the above-mentioned period shall be covered by a single engagement contract and charged for accordingly.

"(f) Extra session, such as the afternoons of Decoration Day, July 4th, and Labor Day, or any extra session where music is required, shall be charged for *pro rata,* or thirty-seven dollars and fifty cents ($37.50) per session.

"(h) A notice of two weeks must be given in case of dismissal or vice versa.

"[Signed]

> "Mrs. J. E. Stoiber,
> "C. M. Hunter,
> "The H. C. Orch."

Exhibit No. 2:

> "Articles of Agreement.

"Made this 1st day of June, A. D. 1922, by and between G. W. La Bounty and the La Bounty Summer Resort Company of Lakeside, Michigan, and John E. Stoiber and Bertha J. Stoiber, parties of the second part, witnesseth:

"The first parties hereby lease to the second parties the dancing pavilion at Lakeside, Erie township, Monroe county, Michigan, for the season of 1922, option for following year should second said parties prove satisfactory to first parties, and as a part of said lease agree to keep the roof, floor, windows, screens, porches, stairways, toilets and lighting system in repair, and to furnish all tickets, ticket sellers, pay lighting bills, and keep piano tuned and in repair.

"In consideration of the foregoing, the second

parties agree to furnish an orchestra of not less than five pieces, the same to be of kind and character satisfactory to the first parties, which orchestra shall play not less than eight (8) sessions per week, said sessions to last on an average of 3 hours during said season, and to keep said floors, stairways, toilets, and other parts of said place clean and in good condition and to pay for and furnish all ticket collectors, and to supervise and conduct said dance hall in a proper manner and not permit any immoral, indecent, or improper dancing or acts of any kind that would be detrimental to said hall. It is further provided that the second party shall clean the floors, stairways, toilets, and other parts of said premises incident to said dance hall during the forenoon of each day.

"The proceeds from the sales of all tickets or rentals of said hall during said season shall be divided equally between the first and second parties."

Plaintiffs in error contend that the defendant in error the La Bounty Summer Resort Company owed for the music furnished by the Hunter-Coleman Orchestra, at the dancing pavilion of the defendant in error, by reason of the fact that, during the time the music was being furnished, the defendant in error and one Bertha Stoiber were operating the dancing pavilion in question as partners. The question to determine is whether or not there was any liability on the part of the defendant in error for the music so furnished by the plaintiffs in error.

The true test of partnership in Ohio is said to

lie in the fact that the alleged partners are carrying on a joint business under such circumstances that they sustain the relation of being each principal and agent in that business. *Harvey* v. *Childs,* 28 Ohio St., 319, 22 Am. Rep., 387. In the instant case the La Bounty Summer Resort Company had no power whatever to manage the business carried on at the dancing pavilion, or to direct or control it in any way, either as principal or agent. It is true it had a girl on hand to collect money for the tickets, and to give half to the La Bounty Summer Resort Company and half to Bertha Stoiber at the end of each day. It is true that under the written contract business in the dancing pavilion was to be carried on according to certain standards, and the orchestra to be employed must answer certain requirements, but, if Bertha Stoiber lived up to that contract, and half of the gross receipts from dance tickets and rents was turned over to the La Bounty Summer Resort Company, she could manage the business as she saw fit, for it was wholly within her control.

It is true that there are other tests of a partnership, but, no matter what test we may apply, the arrangement in question between the La Bounty Summer Resort Company and Bertha Stoiber falls short of a partnership. There was no sharing of profits and losses, the half of the gross receipts, being paid merely for the use of the pavilion, may be properly treated as rental. There was no community of interest either in the proceeds of the business, in the capital employed, in the power of administration, or in any other respect. The business was not carried on under a

firm name, and there was no holding out to the public as partners.

Furthermore, we believe that the undisputed fact that plaintiffs below furnished the music in question with the understanding that the La Bounty Summer Resort Company had nothing to do with hiring any one to play at its dance pavilion, and that such plaintiffs would have to look to Bertha Stoiber to make a contract for furnishing the music for dancing, makes Bertha Stoiber alone liable. The contract for furnishing music was made with Bertha Stoiber previous to the time that the contract was entered into between Bertha Stoiber and the La Bounty Summer Resort Company. The La Bounty Summer Resort Company was not liable for the music as a partner, and, under the express agreement which plaintiffs below made with Bertha Stoiber, and the understanding that they had with the La Bounty Summer Resort Company, that company is not liable to plaintiffs below for the music furnished.

The trial court did not err in rendering judgment in favor of the La Bounty Summer Resort Company. For the reasons indicated the judgment will be affirmed.

*Judgment affirmed.*

RICHARDS and YOUNG, JJ., concur